**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| STANLEY HART, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:09-CV-90052 |
| v. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:03-CR-16 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Indictment was returned in this Court on February 28, 2003, charging Petitioner Hart with Possession of a Firearm By a Convicted Felon pursuant to Title 18, United States Code, Sections 922(g)(1) and 924(e)(1), the latter of which specifies that a conviction under the provisions thereof shall be punished by a mandatory minimum term of 15 years imprisonment. (Doc. 1). Petitioner Hart was given written Notice of Estimated Sentencing Guideline range of 235 to 293 months imprisonment at arraignment on April 7, 2003. (Doc. 5). On June 12, 2003, Petitioner Hart entered into a Plea Agreement with the Government and pled guilty to the indictment (Doc. 11, 12), in exchange for a Motion from the Government for a Downward Departure from the Guideline Sentence range for Acceptance of Responsibility. (Doc. 15). The Court accepted the Plea Agreement and granted the Government's Motion. (Doc. 15A). On September 2, 2003, the Court's sentence of 180 months was rendered Judgement in the case. (Doc. 18). Petitioner Hart began serving his sentence

and filed no additional pleadings in this action, until May 25, 2009, when he signed and submitted for filing his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 presently under preliminary consideration. (Doc. 19).

### Petitioner's Motion

In Section 18 of his § 2255 Motion To Vacate Sentence, Petitioner Hart submits as his explanation as to why his motion is not barred by the provisions of 28 U.S.C.§ 2255(f) that:

> I am not a lawyer, my schooling is not great, an attorney was to protect my interest and that did not happen. I feel it is the court's duty to protect the people's rights, and to let this case go on unobserved would be a miscarriage of justice.

(Doc. 19 at 12). Petitioner Hart then asks that the Court grant the following relief:

> Dismiss the bad indictment or give Movant time served related to the Convicted Felon In Possession of a Firearm.

*Id.* at 13. As Ground One of his Motion, Petitioner Hart claims that he was "indicted, convicted, and sentenced for a crime that was not committed. (Armed Career Offender, 18 U.S.C.§ 924(e)(1))." *Id.* at 4. He alleges that, "Movant never had the three qualifying prior convictions to classify him as an Armed Career Offender under statute 18 United States Code, Section 924(e)(1)." *Id.* He adds, "The lawyer the court appointed Movant was ineffective and did not serve Movant's best interest." *Id.* Petitioner's remaining claim expounds on his allegation of ineffective assistance of counsel saying that his appointed counsel failed to investigate the indictment and the facts surrounding the three prior convictions used in the indictment, asserting that the prior convictions do not qualify as the type to classify Movant as an armed career offender. *Id.* at 5.

**Conclusion of fact and law**

Petitioner Hart's conviction and sentence became final on September 12, 2004, upon the expiration of the time allotted for direct appeal, for which he did not file.[1]  Five years and eight months expired from the time Petitioner's conviction and sentence was rendered Judgment in the case and the time he filed his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's Motion is four years and eight months beyond the above cited period of limitations, and he offers no legally cognizable cause for the delay, nor any claim of due diligence in the matter.  "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full

---

[1] A defendant has 10 days after final judgment is entered to file a Notice of Appeal. Fed.R.App.P.4(b)(1)(A).  The judgment becomes final once the defendant exhausts, or foregoes, his opportunity to pursue direct appeal.  *See Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir.2007), *cert. denied, —* U.S. *— ,* 127 S.Ct. 2988 (2007). Consequently, such relief is appropriate only for errors of law that are jurisdictional, constitutional, or constitute a fundamental defect inherently resulting in a complete miscarriage of justice. *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004).

In reference to a procedural default, the United States Supreme Court has held that a petitioner must demonstrate that the constitutional violations he alleges "have probably resulted in the conviction of one who is actually innocent," such that a federal court's refusal to hear the defaulted claims would be a "miscarriage of justice." *Schlup v. Delo,* 513 U.S. 298, 326, 327, 115 S.Ct. 851 (1995). To make the requisite showing of actual innocence, the Petitioner must produce "new *reliable* evidence" and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *Id.* at 324. If the petitioner satisfies the stringent gateway standard set forth in *Schlup,* he may proceed with his procedurally defaulted constitutional claims in the district court. If not, he cannot avoid the procedural bar. *See House v. Bell,* 547 U.S. 518, 519, 126 S.Ct. 2064, 2066 (2006).

Petitioner Hart was not tried by jury. He knowingly pled guilty to the charge. And now, almost six years later, he simply argues that his prior convictions did not qualify him for classification as a career criminal. He is challenging facts of which he had been made aware at the time of his sentencing, but he does not suggest actual innocence or new evidence. His veiled claim of *miscarriage of justice* is insufficient to raise an issue of actual innocence. His Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is barred by the one-year statute of limitations provided by the AEDPA.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 3rd day of June 2009.

**S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE**